UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELVIN LAMAR PERKINS                                                                    PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:19CV125-RPM

RODERICK EVANS et al                                                                  DEFENDANTS

## MEMORANDUM OPINION & ORDER

  Plaintiff Melvin L. Perkins, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging unconstitutional conditions of confinement at the South Mississippi Correctional Institution (SMCI).  In his complaint, Plaintiff alleges excessive force, failure to report an assault, and denial of medical care.  On May 21, 2020, the Court conducted a screening hearing to explore in more detail the allegations in Plaintiff's complaint.

### Hearing Testimony

  At the hearing, when asked whether he was under the influence of any drugs or alcohol, Plaintiff stated "I take mind-controlling drugs twice a day." Doc. [54] at 3.  He also admitted that he has "brain damage" from a prior incident, where other inmates attacked him; and he sometimes has problems remembering things because of prior attacks against him.  *Id.* at 3, 19.  Plaintiff testified that in December 2016, a group of 16 inmates attacked him, which resulted in a broken jaw.  Doc. [54] at 3, 19.  This prior incident was the subject of an earlier lawsuit filed by Plaintiff.  *See Perkins v. Arnold*, civil action no. 1:17cv171-LG-RHW (describing the December 2016 incident and subsequent medical care).  Plaintiff further stated that he had 8 or 10 other lawsuits pending at the time of the hearing.  *Id.* at 3-4.

  Plaintiff alleges that on November 23, 2017, Defendant Captain Roderick Evans, the watch commander, used excessive force against him.  On the day in question, Plaintiff was in the

"Psych Op", because his mind was not working right, his medicine was not responding, and he had been getting beat up too much in Area 2. Doc. [54] at 8-9. Defendant Captain Shetica Lockhart allegedly told Evans that Plaintiff had named Evans' wife as a defendant in another lawsuit. *Id.* at 11. Evans walked to the door and pointed his finger at Plaintiff. *Id.* Lockhart instructed an inmate to turn up the air in Plaintiff's cell. *Id.* Plaintiff was "freezing to death" and asked an orderly for a sheet or blanket. *Id.* at 12. Plaintiff and the orderly exchanged words. *Id.* During this verbal exchange, Evans was standing beside the door. *Id.* Evans apparently thought Plaintiff's statements were directed at him rather than the orderly. *Id.* Evans then punched Plaintiff in the face and knocked his teeth out. *Id.* He also hit Plaintiff on the top of his head and knocked him down. *Id.* Lockhart was standing at the door laughing. *Id.* According to Plaintiff, Evans threatened to kill Plaintiff as well as Judge Robert H. Walker, the Magistrate Judge who was originally assigned to this case. *Id.* Plaintiff sued Lockhart because she would not provide Plaintiff any medical care after the incident. *Id.*

While Plaintiff was sitting in a pool of blood, Evans pushed Plaintiff's "face down in doo-doo" and "poured a whole jug of pee over [him]". *Id.* The police came, but when they found out Evans was involved "they walked away." *Id.* at 13. Plaintiff was taken to medical three days after the incident. *Id.* "They took x-rays from head to toe". *Id.* at 14. At some point, he was seen by an orthopedist and a dentist. *Id.* at 13, 15. As a result of Evans' attack, the dentist had to remove one broken tooth. *Id.* at 16. The dentist operated on Plaintiff about a week and a half after the incident. *Id.* at 17.

**Medical Records**

Defendants have submitted as exhibits Plaintiff's medical records from the time around the November 23, 2017, incident. *See* Doc. [69]. On March 8, 2017, Plaintiff was x-rayed as a

follow-up to surgery repairing his broken jaw.[1]  *Id.* at 2.  On August 28, 2017, he submitted a medical request form complaining that his "jaw has been rebroken very bad pain".  *Id.* at 3.  Then on September 3, 2017, he submitted a medical request form stating he "need teeth after broken jaw".  *Id.* at 4.  A nurse examined Plaintiff on October 13, 2017, after he was brought to the infirmary following an altercation with another inmate.  *Id.* at 5-6.  Plaintiff indicated he was struck in the left ribs, but the nurse noted no outward signs of distress.  *Id.*  On October 16, 2017, a series of x-rays was performed on Plaintiff's knee, shoulder, mandible, and chest.  *Id.* at 8-10.  The mandible x-ray revealed no evidence of acute fractures or other abnormalities.  *Id.* at 10.  On November 20, 2017, three days before the alleged incident, Plaintiff submitted a sick call request stating he needed his teeth fixed.  *Id.* at 11.  On November 22, 2017, one day prior to the alleged incident, Plaintiff was placed under psychiatric observation at SMCI, by order of Dr. Parveen Kumar.  *Id.* at 12-13.  According to the mental health notes, Plaintiff threatened to "snap on all these people in here.  I will take no shit, I will hurt somebody in here today, I'm not going to take this shit today.  You need to get me the fuck out of here.  I need some help, I'm trying."  *Id.* at 14.  On November 27, 2017, four days after the alleged incident involving Defendant Evans, Plaintiff was seen by a nurse.  He complained of his back "still hurting from where they jumped me."  *Id.* at 16.  On November 28, 2017, Plaintiff was examined by Dr. Charmaine L. McCleave.  He indicated that he was "'beat up'" and he was "hit in the face and the back."  *Id.* at 18.  The altercation apparently happened six weeks prior to the November 28th visit.  *Id.*  Plaintiff showed no visible bruising or swelling.  *Id.*  On November 29, 2017, Plaintiff complained that his head and legs were hurting and that he needed some medicine.  *Id.* at 19.  He complained that his jaw is broken again, and his knee is busted too.  *Id.* at 20.  On November 30, 2017, Plaintiff

---

[1] Presumably, this is the same broken jaw that resulted from the December 2016 incident, where 16 inmates attacked Plaintiff.

underwent x-rays of his jaw and knee.  The jaw showed no fracture or other abnormalities.  *Id.* at 23.  On December 1, 2017, Plaintiff complained that he hurt his back and neck.  *Id.* at 25.  Plaintiff became belligerent when Dr. McCleave told him that the recent jaw x-ray was "unchanged" from two weeks prior.  *Id.*  Plaintiff threatened to sue everyone and accused medical of not taking care of him.  *Id.*  Dr. McCleave was unable to complete the exam due to Plaintiff's belligerence.  *Id.*  On December 13, 2017, Plaintiff was referred for a dental examination.  *Id.* at 26.  Dental x-rays were performed on December 18, 2017, and he was examined by Blake D. Thomas, DDS.  *Id.* at 27.  Dr. Thomas noted decay and gross decay with teeth #19, 28 and 30 "non-restorable" "due to decay".  *Id.* at 28.  Plaintiff was referred to an oral surgeon to remove teeth.  *Id.*  Throughout the medical records, there are references to medications provided to Plaintiff for treatment of his various ailments, including but not limited to ibuprofen, Excedrin, Mobic, Carbamazepine, Haloperidol, and Amoxicillin.  *See id.* at 5, 11, 16, 20, 25, 28.

## Law and Analysis

Defendants have filed a motion for summary judgment asserting that there is no objective evidence to support Plaintiff's claims.  Doc. [65].  Defendants argue that the medical records do not contain any evidence that the excessive force incident happened or that Plaintiff sustained an injury as a result of excessive force.  Plaintiff has not filed a response in opposition to Defendants' motion.

## Standard of Review

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Official Capacity Claims**

To the extent Plaintiff asserts claims against Defendants Evans and Lockhart in their official capacities, the claims are barred by Eleventh Amendment sovereign immunity. Defendants are employees of the MDOC, which is an arm of the State of Mississippi. As such, the MDOC and its employees are cloaked with the protection of sovereign immunity from lawsuits seeking monetary damages. *See* Miss. Code Ann. § 11-46-5(4); *Am. Bank and Trust*

*Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.")) *Williams v. Mississippi Dep't of Corr.*, 2012 WL 2052101 at *1-2 (S.D. Miss. 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment). The Supreme Court has recognized a narrow exception to Eleventh Amendment immunity which allows suits for prospective injunctive relief against state officials sued in their official capacities. *See McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). However, Plaintiff fails to meet this exception because he does not allege that Defendants are committing any ongoing violation of federal law. *Id.* To the contrary, Plaintiff alleges a single, isolated incident that occurred on November 23, 2017. Moreover, Plaintiff is no longer housed at SMCI, where the Defendants are employed. His address of record is the Wilkinson County Correctional Facility.

**Excessive Force**

The central contention to Plaintiff's complaint is that Defendant Roderick Evans subjected him to excessive force. Defendants argue that the medical records demonstrate the absence of a genuine issue of material fact regarding whether Plaintiff suffered an injury on November 23, 2017. Defendants candidly admit "[w]hile Plaintiff's testimony regarding being assaulted by Evans ordinarily would be enough to establish a question of fact regarding an excessive force claim, the objective record of evidence in this matter does not indicate that Plaintiff was ever assaulted." Doc. [66] at 3. They further contend that there is no objective evidence that the incident involving Defendants Evans and Lockhart happened. *Id.* at 12. Although Defendant Evans argues he is entitled to qualified immunity, he has not presented any affidavit or other evidence to demonstrate that his conduct was objectively reasonable in light of

6

the legal rules that were clearly established at the time of his actions. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). He simply denies that the incident occurred.

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In *Hudson*, the Supreme Court held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury," rejecting this court's earlier requirement of "significant injury" to establish a claim of excessive force. *Hudson*, 503 U.S. at 4. The Supreme Court has also rejected a requirement that a prisoner show more than a "*de minimis*" injury to establish a claim of excessive force because that approach is at odds with its direction in *Hudson* to "decide excessive force claims based on the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010). It is not the degree of injury which determines the viability of a claim of excessive force, but rather whether the force was "applied maliciously and sadistically to cause harm", thereby offending "contemporary standards of decency". *Id.* at 37-40.

A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992). Here Plaintiff alleges injuries to his tooth or teeth because Evans punched him. Plaintiff testified that Defendant Evans did not use force against him for any legitimate reason. Rather, Evans simply attacked Plaintiff because he had named Evans' wife in a separate lawsuit. Evans then shoved Plaintiff's face in feces and poured a full jug of urine on him. Taking Plaintiff's testimony as true for purposes of summary-judgment analysis, Evans' conduct was sadistic and malicious rather than a legitimate

use of force to restore order. Where, as alleged here, the use of force is unnecessary, the extent of injury needed to state a claim for excessive force is low. *See Payne v. Parnell*, 246 Fed.Appx. 884, 889 (5th Cir. 2007). "An inmate who is gratuitously beaten by guards does not lose his ability to purse an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 599 U.S. at 38.

The medical records do not mention any use of force as the cause of Plaintiff's physical ailments; however, the medical records around the time of the incident do mention complaints of pain in Plaintiff's jaw and teeth, which could be consistent with the injuries arising from the attack as alleged by Plaintiff. *See Beck v. Alford*, No. 93–4946, 1994 WL 442383, at *1 (5th Cir. July 27, 1994) (holding that there is no "requirement that injury is necessarily *de minimis* unless there is some objective medical evidence supporting its existence"). While Defendants offer alternative explanations for Plaintiff's problems with his teeth and jaw, Plaintiff's sworn testimony creates a genuine issue of material fact regarding the cause of his injuries. *See Grimon v. Collins*, No. 94–40156, 1994 WL 398014, at *1 (5th Cir. July 18, 1994) (holding that plaintiff's sworn testimony was sufficient to create an issue of material fact despite no supporting medical evidence).

Although Plaintiff's medical records may speak to the extent of his injuries, they do not resolve the issue of whether Defendant Evans used force in a good-faith effort to maintain or restore discipline rather than maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 6-7. Plaintiff's uncontradicted testimony is that Evans punched him. To the extent Evans relies on Plaintiff's medical records to demonstrate that he lied or exaggerated about the cause or seriousness of his injuries, Plaintiff's credibility is not an issue appropriate for determination on summary judgment. *See Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005); *Williams v.*

*Luna*, 909 F.2d 121, 124 (5th Cir. 1990) (holding that reliance on a prisoner's medical records to refute his testimony is improper unless such records indicate his allegations of injury are inherently implausible). Accordingly, the Court finds that Defendants' motion for summary judgment should be denied as it relates to Plaintiff's excessive force claim against Defendant Evans.

**<u>Medical Care/Deliberate Indifference</u>**

Plaintiff also raises a claim of deliberate indifference to his injuries and argues that Defendant Lockhart failed to provide him with medical care following Defendant Evans' act of excessive force. To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care may, under certain circumstances, state a claim for constitutionally inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Id.* at 195.

However, "the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Disagreements about whether an inmate should be referred to a specialist as part of ongoing treatment do not constitute deliberate indifference. *See Alfred v. Texas Dep't of Criminal Justice*, No. 03-40313, 2003 WL 22682118, at *1 (5th Cir. Nov.13, 2003); *Hickman v. Moya*, No. 98-50841, 1999 WL 346987, at *1 (5th Cir. May 21, 1999).

Contrary to Plaintiff's assertion, the medical records demonstrate that he received ongoing medical treatment for complaints of jaw pain, teeth problems, and other alleged ailments prior to and immediately following the alleged incident. He was provided medications and seen by nurses and doctors on a regular basis. He underwent multiple x-rays and was referred to a dentist and oral surgeon. In his testimony, Plaintiff confirmed that he received treatment from an orthopedist and a dentist. Based on the medical records and Plaintiff's own testimony, the Court finds he has failed to state a claim for a denial of medical care against either Defendant.

**Failure to Report**

Plaintiff also alleges that Defendant Lockhart failed to report Defendant Evans' attack of November 23, 2017. Generally, an officer's failure to report another officer's use of allegedly excessive force does not constitute an actionable constitutional claim. *Stewart v. Carmona*, No. 3:09-CV-731-O-BF, 2010 WL 5625851, at *6 (N.D. Tex. Dec. 15, 2010) (noting defendant violated no clearly established law by not reporting another officer's alleged use of excessive force on plaintiff); *Payton v. DuBroc*, No. 1:05CV2092, 2006 WL 2925387, at *3 (W.D. La. Sept. 6, 2006) (holding plaintiff's claim that defendant failed to report his coworker's use of excessive force in spraying inmate with chemicals "does not fall under the Eighth Amendment and should be dismissed as frivolous"). Plaintiff has alleged no facts regarding these claims

other than the conclusory allegation that Lockhart violated his rights by allegedly not reporting the incident.  Accordingly, his claim against Defendant Lockhart for not reporting the alleged use of excessive force should be dismissed as frivolous and for failure to state a claim.  *See Hernandez v. Johnson*, No. 5:04CV276, 2006 WL 2370329, at *14 (E.D. Tex. Aug. 14, 2006) (finding that although correctional officers' failure to report use of force may have violated jail rules, plaintiff did not show how this violated the Constitution).

    IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [65] Motion for Summary Judgment is GRANTED in part and DENIED in part.  It is granted to the extent that Plaintiff's lawsuit shall proceed on the excessive force claim against Defendant Roderick Evans.  All other claims are dismissed with prejudice.

    SO ORDERED AND ADJUDGED, this the 5th day of August 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE